**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

BACHUBHAIN ARANDAS PATEL,

Petitioner,

v. Case No. 2:26-cv-2708-MSN-atc

CHRISTOPHER BULLOCK,

Respondent.

---

**ORDER DENYING AS MOOT PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER,**
**DENYING PETITIONER'S EMERGENCY MOTION TO COMPEL RETURN OF PETITIONER AND FOR SANCTIONS,**
**DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE CONSIDERATION OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO COMPEL THE RETURN OF PETITIONER, AND**
**ORDERING RESPONDENT TO SHOW CAUSE**

---

On June 19, 2026, Petitioner, an alien who was detained at the West Tennessee Detention Facility ("WTDF"), filed a Petition for Writ of Habeas Corpus (ECF No. 1, "Petition"). Petitioner also described the Petition as a "Civil Complaint . . . seeking to prevent [his] immediate removal and transfer," to a detention facility in a district within the Fifth or Eighth Circuit Courts of Appeals. (*Id.* at PageID 1.) The same day he filed the Petition, Petitioner also filed an Emergency Motion for Temporary Restraining Order (ECF No. 2, "TRO Motion"). On June 23, 2026, the Court ordered Respondent to file an expedited response to the TRO Motion. Later that day, Petitioner filed an Emergency Motion to Compel Return of Petitioner and for Sanctions (ECF No. 11, "Motion to Compel Return"). On August 6, 2026, Petitioner filed a Motion to Expedite

Consideration of Emergency Motion for Temporary Restraining Order and Motion to Compel Return of Petitioner to this Honorable Court's Jurisdiction (ECF No. 19).

**BACKGROUND**

Petitioner is a native and citizen of India. (*Id.* at PageID 2.) He last entered the United States on June 2, 1994, and he has remained in the country ever since. (*Id.*) He was detained on June 17, 2026, during a check-in appointment with the Nashville office of Immigration and Customs Enforcement ("ICE"). (*Id.*)

Petitioner filed his Petition on Friday, June 19, 2026—a date that the Court was closed in observance of the Juneteenth federal holiday.[1] In the Petition, he alleges that he is being detained without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the due process clause of the Constitution. (*Id.* at PageID 3–4.) At the time the Petition was filed, Petitioner was detained at the WTDF; however, the Petition said that ICE would soon transfer Petitioner to another jurisdiction. (*Id.*) He alleged that his transfer to another facility was being done to deny him a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.*) He also alleged that transferring him "among multi[ple] jurisdiction[s] and facilities unreasonably delayed attorney-client communication . . . ." (*Id.* at PageID 3.) The Petition asked the Court to (1) order that Respondent not transfer Petitioner to a detention facility in another state; (2) declare that Petitioner's detention is pursuant to § 1226(a) and order Respondent to release Petitioner from custody or provide him with a bond hearing. (*Id.* at PageID 4.)

[1] Although several docket entries entered by the Clerk's office are dated June 19, 2026, those notices were docketed on June 22, 2026, which is noted in the text of each docket entry. (*See* ECF Nos. 3–6.) And that includes the notice for assignment of the district and magistrate judge. (*See* ECF No. 3.)

The TRO Motion was filed the same day as the Petition. The TRO Motion said that Petitioner had been detained on June 17 during a check-in appointment at the Nashville office of Immigration and Customs Enforcement ("ICE"), was recently transferred to the WTDF, and was awaiting transfer to another detention facility. (ECF No. 2 at PageID 26.) The TRO Motion asked the Court to Order that Respondent (1) not transfer Petitioner outside the district during the pendency of his Petition; (2) issue and docket a Notice to Appear ("NTA") so that Petitioner's counsel could submit a bond request with the immigration court; and (3) facilitate immediate, confidential attorney-client communication. (*Id.* at PageID 27.)

On June 23, 2026, the Court ordered Respondent to file an expedited response to the TRO Motion. Later that day, Petitioner filed his Motion to Compel Return. The Motion to Compel Return alleged that Respondent had moved Petitioner to a detention facility in Louisiana to circumvent Sixth Circuit precedent that Petitioner alleges entitles him to a bond hearing under § 1226(a). The Motion to Compel Return thus asked that the Court order Respondent to transfer Petitioner to a facility within the Western District of Tennessee within 24 hours. (ECF No. 11 at PageID 41.) The motion alleges that Petitioner's transfer "effectively thwarts the Court's ability to provide meaningful relief" and frustrates his "ability to confer with his local counsel, Licensed Therapist, present evidence, and meaningfully pursue the pending federal litigation." (*Id.* at PageID 40.)

**ANALYSIS**

Starting with the TRO Motion, the relief requested is either moot or unavailable in a habeas proceeding. First, because Petitioner has already been transferred to a different facility, the request to prevent his transfer from the WTDF is moot. Similarly, because an NTA was served on Petitioner when he was detained, the request to issue an NTA is moot. The record also shows that

Petitioner's counsel was able to submit a bond request with the immigration court in Memphis, further supporting that the requested relief is moot.

Next, the TRO Motion's request for the Court to "facilitate immediate, confidential attorney-client communication," is outside the traditional scope of relief available in a habeas action. The Petition challenges the legality of Petitioner's detention and seeks a bond hearing or immediate release. This request is consistent with "the historic role of habeas," which is "to secure release from custody." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 118 (2020). But the TRO Motion's request to facilitate attorney-client communications is not a challenge to Petitioner's detention, and Petitioner cites no authority supporting that such relief is available through the writ of habeas.

Similarly, the relief sought in the Emergency Motion is not release from custody; instead, it seeks an order directing where Petitioner may be detained pending his removal proceedings. Petitioner cites no authority supporting that such relief is available through a writ of habeas. *Cf. Thuraissigiam*, 591 U.S. at 118 (holding that requested relief of vacating the petitioner's removal order and providing him with a new opportunity to apply for asylum were outside relief available through writ of habeas); *Munaf v. Geren*, 553 U.S. 674, 693–705 (2008) (finding habeas petitions that sought to prevent transfer of individuals to Iraqi custody did not state a claim for relief).

Petitioner cites the All Writs Act in his Petition and Motion to Compel Return as another basis for his requested relief. Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The Supreme Court has interpreted this provision to give federal courts the power 'to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise

obtained.'" *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006) (citing *United States v. New York Telephone Co.*, 434 U.S. 159, 172 (1977)). Yet Petitioner has not explained why it is necessary or in aid of the Court's jurisdiction for him to be returned to the WTDF or another detention facility in the Western District of Tennessee.

Although the habeas statute allows district courts to grant relief only "within their respective jurisdiction," 28 U.S.C. § 2241(a), the Supreme Court has held that jurisdiction is determined by the petitioner's location at the time the petition is filed, and district courts do not lose jurisdiction if the Government moves the petitioner to another district while the petition is pending. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004) (discussing *Ex parte Endo*, 323 U.S. 283, 304–05 (1944)) ("*Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

Under Sixth Circuit precedent that is binding on this Court, the proper Respondent in this matter is the ICE District Director for the district in which Petitioner is detained. *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003). Here, Christopher Bullock, the New Orleans Field Office Director for ICE Enforcement and Removal Operations, is the ICE District Director for Alabama, Arkansas, Louisiana, Mississippi, and Tennessee. *See* U.S. Immigration and Customs Enforcement, ICE Field Offices, https://www.ice.gov/contact/field-offices?state=All&office=16&keyword=&page=1. The proper Respondent is thus the same despite Petitioner's transfer to the detention facility in Louisiana.

Finally, the Court sees no basis for imposing sanctions on Respondent. When Petitioner was detained in Nashville on June 17, 2026, he was served with an NTA that ordered him to appear

before an immigration judge at a detention facility in Jena, Louisiana. The Petition was filed during the five days that Petitioner was detained at the WTDF en route to the detention facility in Jena, Louisiana. But because the Petition and TRO Motion were filed on a Friday that was a federal holiday, the district and magistrate judges were not assigned to the case until the following Monday, June 22. The next day, the Court ordered Respondent to file an expedited response to the TRO Motion. But Petitioner's transfer to Jena, Louisiana, was already underway. Respondent has not acted in defiance of a court order, and Petitioner's request for sanctions does not specify the basis on which he believes sanctions are appropriate.

## CONCLUSION

For the reasons explained above, Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 2) is **DENIED AS MOOT**. Petitioner's Emergency Motion to Compel Return of Petitioner and for Sanctions (ECF No. 11) is **DENIED**. Petitioner's Motion to Expedite Consideration of Emergency Motion for Temporary Restraining Order and Motion to Compel Return of Petitioner to this Honorable Court's Jurisdiction (ECF No. 19) is **DENIED AS MOOT**.

Previously, the Court ordered the Government to respond only to the TRO Motion and not the Petition itself, but that response is insufficient to resolve the Petition. Therefore, Respondent is **ORDERED** to show cause in writing within **seven (7) days** why the Petition should not be granted. *See* 28 U.S.C. § 2243. Respondent must include in the return a thorough discussion of all facts and law relevant to the Petition, including the following:

a. the specific provision of the Immigration and Nationality Act under which Respondent contends Petitioner is detained;

b. whether Petitioner is entitled to relief based on the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026);

c. information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings, along with copies of any final order of removal or other relevant orders of the immigration judge;

d. if Respondent asserts that *Lopez-Campos* does not apply and Petitioner should be categorized as an "arriving alien," whether Petitioner was paroled under 8 U.S.C. § 1182(d)(5), or any other provision, along with the relevant terms of that parole, including if it was pursuant to a categorical parole program, its initial termination date, and whether it was revoked prior to its termination date and why; and

e. all other arguments and claims for relief raised in the Petition, including whether Petitioner's detention violates due process, regardless of the statutory provision under which Respondent asserts Petitioner is detained.

Petitioner may file a reply to Respondent's answer or response within **seven (7) days** of service. The Reply shall be no more than five (5) pages in length. If Petitioner asserts that there are issues of fact that need to be resolved at a hearing, Petitioner shall include those issues in the reply.

If the Court finds that a hearing is necessary, a date will be set by separate order. *See* 28 U.S.C. § 2243.

**IT IS SO ORDERED**, this 21st day of August, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE