**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

BACHUBHAIN ARANDAS PATEL,

Petitioner,

v. Case No. 2:26-cv-2708-MSN-atc

CHRISTOPHER BULLOCK,

Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBIT AND DIRECTING RESPONDENT TO FILE EXPEDITED RESPONSE WITHIN FIVE (5) DAYS**

---

On June 19, 2026, Petitioner, an alien who was detained at the West Tennessee Detention Facility ("WTDF"), filed a Petition for Writ of Habeas Corpus (ECF No. 1, "Petition"). Petitioner also described the Petition as a "Civil Complaint . . . seeking to prevent [his] immediate removal and transfer," to a detention facility in a district within the Fifth or Eighth Circuit Courts of Appeals. (*Id.* at PageID 1.) The same day he filed the Petition, Petitioner also filed an Emergency Motion for Temporary Restraining Order (ECF No. 2, "TRO Motion"). On June 23, 2026, the Court ordered Respondent to file an expedited response to the TRO Motion. Later that day, Petitioner filed an Emergency Motion to Compel Return of Petitioner and for Sanctions (ECF No. 11, "Motion to Compel Return"). On August 6, 2026, Petitioner filed a Motion to Expedite Consideration of Emergency Motion for Temporary Restraining Order and Motion to Compel Return of Petitioner to this Honorable Court's Jurisdiction (ECF No. 19). On August 21, 2026, the Court denied the TRO Motion and Motion to Compel Return and ordered Respondent to show

cause why the Petition should not be granted and to address various issues, including the specific provision of the Immigration and Nationality Act under which Respondent contended that Petitioner was detained and whether Petitioner was entitled to relief based on the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). (ECF No. 20 at PageID 105–06.)

In his response, Respondent, acknowledged that Petitioner is covered by *Lopez-Campos*, but argued that Petitioner should be required to exhaust his administrative remedies before seeking relief in this Court. (ECF No. 21 at PageID 107–08.) And, previously, Respondent admitted that Petitioner is detained pursuant to 8 U.S.C. § 1226. (ECF No. 16 at PageID 52.)

Petitioner then filed his reply on September 8, 2026. (ECF No. 24.) Petitioner asserts that exhaustion is futile because Respondent transferred Petitioner to Louisiana, thus depriving the Memphis Immigration Court of jurisdiction over a bond request from Petitioner. Petitioner says that the Oakdale Immigration Court in Louisiana, which would have jurisdiction over a bond request from Petitioner, is bound by Fifth Circuit precedent that requires mandatory detention under § 1225(b)(2)(A).

On October 20, 2026, Petitioner filed a Motion for Leave to File Supplemental Exhibit (ECF No. 25), which is unopposed and **GRANTED**. The Court will accept the supplemental exhibit attached to that motion, which is an order from Immigration Judge Cynthia Goodman. (*See* ECF No. 25-1.) That order finds that Petitioner is "mentally incompetent to represent himself," and imposed certain procedural safeguards, including that Petitioner "will always be represented by an attorney or QR" in the proceedings before the Immigration Court. (*See id.* at PageID 172.)

Respondent, if he chooses, may file a response to Petitioner's supplemental exhibit within five (5) days of the date of this Order.

Finally, in his response, Respondent says that Petitioner is covered by the Sixth Circuit's decision in *Lopez-Campos*. (*See* ECF No. 21 at PageID 107–08.) And, previously, Respondent admitted that Petitioner is detained pursuant to 8 U.S.C. § 1226. (ECF No. 16 at PageID 52.) Those admissions are binding on the Respondent, including in proceedings before the Immigration Court. *See, e.g.*, *United States v. Johnson*, 752 F.2d 206, 210–11 (6th Cir. 1985) ("Statements of an attorney that are directly related to the litigation at hand have been held to be within the attorney's scope of authority and binding on the client."). Therefore, based on Respondent's admission that Petitioner is detained pursuant to 8 U.S.C. § 1226, the Oakdale Immigration Court should be able to hold a bond redetermination hearing upon Petitioner's request. Respondent is **ORDERED** to file a response **within five (5) days of the date of this Order** addressing Petitioner's ability to request and receive a bond hearing before the Oakdale Immigration Court or if the Court must order Petitioner be returned to the Western District of Tennessee so that he may request a bond hearing under 8 U.S.C. § 1226 and otherwise exhaust his administrative remedies.

**IT IS SO ORDERED**, this 23rd day of October, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE