**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

BACHUBHAIN ARANDAS PATEL,

Petitioner,

v. Case No. 2:26-cv-2708-MSN-atc

CHRISTOPHER BULLOCK,

Respondent.

---

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

---

On June 19, 2026, Petitioner, an alien who was detained at the West Tennessee Detention Facility ("WTDF"), filed a Petition for Writ of Habeas Corpus (ECF No. 1, "Petition"). Petitioner also described the Petition as a "Civil Complaint . . . seeking to prevent [his] immediate removal and transfer," to a detention facility in a district within the Fifth or Eighth Circuit Courts of Appeals. (*Id.* at PageID 1.) The same day he filed the Petition, Petitioner also filed an Emergency Motion for Temporary Restraining Order (ECF No. 2, "TRO Motion"). On June 23, 2026, the Court ordered Respondent to file an expedited response to the TRO Motion. Later that day, Petitioner filed an Emergency Motion to Compel Return of Petitioner and for Sanctions (ECF No. 11, "Motion to Compel Return"). On August 6, 2026, Petitioner filed a Motion to Expedite Consideration of Emergency Motion for Temporary Restraining Order and Motion to Compel Return of Petitioner to this Honorable Court's Jurisdiction (ECF No. 19). On August 21, 2026, the Court denied the TRO Motion and Motion to Compel Return and ordered Respondent to show cause why the Petition should not be granted and to address various issues, including the specific

provision of the Immigration and Nationality Act under which Respondent contended that Petitioner was detained and whether Petitioner was entitled to relief based on the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). (ECF No. 20 at PageID 105–06.)

In his response, Respondent, acknowledged that Petitioner is covered by *Lopez-Campos*, but argued that Petitioner should be required to exhaust his administrative remedies before seeking relief in this Court. (ECF No. 21 at PageID 107–08.) And, previously, Respondent admitted that Petitioner is detained pursuant to 8 U.S.C. § 1226. (ECF No. 16 at PageID 52.)

Petitioner then filed his reply on September 8, 2026. (ECF No. 24.) Petitioner asserts that exhaustion is futile because Respondent transferred Petitioner to Louisiana, thus depriving the Memphis Immigration Court of jurisdiction over a bond request from Petitioner. Petitioner says that the Oakdale Immigration Court in Louisiana, which would have jurisdiction over a bond request from Petitioner, is bound by Fifth Circuit precedent that requires mandatory detention under § 1225(b)(2)(A).

On October 23, 2026, the Court granted Petitioner's Motion for Leave to File Supplemental Exhibit (ECF No. 25), which was unopposed. (ECF No. 27.) Petitioner's supplemental exhibit is an order from Immigration Judge Cynthia Goodman, finding Petitioner "mentally incompetent to represent himself" and imposing certain procedural safeguards, including that Petitioner "will always be represented by an attorney or QR" in the proceedings before the Immigration Court. (ECF No. 25-1 at PageID 172.)

The Court's October 23 Order also noted that Respondent had twice admitted Petitioner was detained pursuant to 8 U.S.C. § 1226, Respondent's admission was binding on him, and based on that admission, the Oakdale Immigration Court should be able to hold a bond redetermination

hearing *upon Petitioner's request*. (ECF No. 27 at PageID 203 (emphasis added).) The Court then directed Respondent to file a notice addressing Petitioner's ability *to request and receive* a bond hearing before the Oakdale Immigration Cour pursuant to § 1226 or whether the Court needed to order that Petitioner be returned to the Western District of Tennessee so that he may request a bond hearing under 8 U.S.C. § 1226 and otherwise exhaust his administrative remedies. (ECF No. 27 at PageID 203.)

Generally, before granting relief, this Court requires parties to first exhaust their administrative remedies, i.e., pursue "all possible relief within the agency itself." *Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995). Although exhaustion is not statutorily mandated and thus is prudential in these cases, *see Perkovic v. I.N.S.*, 33 F.3d 615, 619 (6th Cir. 1994), the Court has explained that the better part of valor is require administrative exhaustion. That is because requiring exhaustion "protects 'administrative agency authority,'" and "promotes efficiency." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). It also produces a more fulsome record for the Court's consideration if petitioners wish to pursue judicial relief thereafter. *Id.*

In his response to the Court's order, Respondent stated as follows:

> If the Court Orders Respondent to provide Petitioner with a bond hearing according to the Sixth Circuit's recent decision in *Lopez Campos v. Raycraft*, 2026 WL 1283891, 2026 U.S. App. LEXIS 13519 (6th Cir. May 11, 2026), Petitioner will receive a bond hearing before the Oakdale Immigration Court and does not have to be transferred back to the Western District of Tennessee.

(ECF No. 28 at PageID 204.)

Despite being ordered to address Petitioner's ability to request and receive a bond hearing under § 1226, Respondent addressed only Petitioner's ability to receive a bond hearing under § 1226 *if this Court ordered Respondent to provide Petitioner with such a hearing*. The Court construes Respondent's failure to address Petitioner's ability to request and receive a bond hearing—absent a court order—as an admission that doing so would be futile. *See Smith v. United*

*States Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) (explaining Supreme Court precedent discussing futility "targets cases in which adjudicators are powerless to grant the relief requested" (citation modified)). Based on that construed admission, the Court will not require exhaustion under the unusual circumstances in this case.

Accordingly, based on the Sixth Circuit's decision in *Lopez-Campos* and Respondent's agreement that it controls here, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART**, and Respondent is **ORDERED** to give Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten (10) days of the date of this Order.** If a bond hearing is not held within 10 days of the date of this Order and Petitioner has not consented to an extension, then Petitioner shall be released from custody at that time. Although Petitioner has argued that he should be granted immediate release, that is not the relief to which he is entitled under *Lopez-Campos*. A bond hearing will also allow Petitioner to exhaust his administrative remedies. Judgment will be entered accordingly.

**IT IS SO ORDERED**, this 9th day of November, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE