**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

BACHUBHAIN ARANDAS PATEL,

Petitioner,

v. Case No. 2:26-cv-2708-MSN-atc

CHRISTOPHER BULLOCK,

Respondent.

---

**ORDER DENYING PETITIONER'S EMERGENCY MOTION TO ALTER OR AMEND THE NOVEMBER 9, 2026, JUDGMENT, FOR CLARIFICATION OF THE BOND-HEARING REMEDY, AND TO REQUIRE TRANSFER TO TENNESSEE OR OTHER EFFECTIVE HABEAS RELIEF**

---

On June 19, 2026, Petitioner, an alien who was detained at the West Tennessee Detention Facility ("WTDF"), filed a Petition for Writ of Habeas Corpus (ECF No. 1, "Petition"). The same day he filed the Petition, Petitioner also filed an Emergency Motion for Temporary Restraining Order (ECF No. 2, "TRO Motion"). On June 23, 2026, the Court ordered Respondent to file an expedited response to the TRO Motion. Later that day, Petitioner filed an Emergency Motion to Compel Return of Petitioner and for Sanctions (ECF No. 11, "Motion to Compel Return"). On August 6, 2026, Petitioner filed a Motion to Expedite Consideration of Emergency Motion for Temporary Restraining Order and Motion to Compel Return of Petitioner to this Honorable Court's Jurisdiction (ECF No. 19). On August 21, 2026, the Court denied the TRO Motion and Motion to Compel Return and ordered Respondent to show cause why the Petition should not be granted and to address various issues, including the specific provision of the Immigration and Nationality Act under which Respondent contended that Petitioner was detained and whether Petitioner was

entitled to relief based on the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). (ECF No. 20 at PageID 105–06.)

In his response, Respondent, acknowledged that Petitioner is covered by *Lopez-Campos*, but argued that Petitioner should be required to exhaust his administrative remedies before seeking relief in this Court. (ECF No. 21 at PageID 107–08.) And, previously, Respondent admitted that Petitioner is detained pursuant to 8 U.S.C. § 1226. (ECF No. 16 at PageID 52.)

On October 23, 2026, the Court granted Petitioner's Motion for Leave to File Supplemental Exhibit (ECF No. 25), which was unopposed. (ECF No. 27.) Petitioner's supplemental exhibit was an order from Immigration Judge Cynthia Goodman, finding Petitioner "mentally incompetent to represent himself" and imposing certain procedural safeguards, including that Petitioner "will always be represented by an attorney or QR" in the proceedings before the Immigration Court. (ECF No. 25-1 at PageID 172.)

The Court's October 23 Order also noted that Respondent had twice admitted Petitioner was detained pursuant to 8 U.S.C. § 1226, Respondent's admission was binding on him, and based on that admission, the Oakdale Immigration Court should be able to hold a bond redetermination hearing *upon Petitioner's request*. (ECF No. 27 at PageID 203 (emphasis added).) The Court then directed Respondent to file a notice addressing Petitioner's ability *to request and receive* a bond hearing before the Oakdale Immigration Cour pursuant to § 1226 or whether the Court needed to order that Petitioner be returned to the Western District of Tennessee so that he may request a bond hearing under 8 U.S.C. § 1226 and otherwise exhaust his administrative remedies. (ECF No. 27 at PageID 203.)

In his response to the Court's order, Respondent stated as follows:

> If the Court Orders Respondent to provide Petitioner with a bond hearing according to the Sixth Circuit's recent decision in *Lopez Campos v. Raycraft*, 2026 WL

> 1283891, 2026 U.S. App. LEXIS 13519 (6th Cir. May 11, 2026), Petitioner will receive a bond hearing before the Oakdale Immigration Court and does not have to be transferred back to the Western District of Tennessee.

(ECF No. 28 at PageID 204.)

In this Court's Order Granting In Part Petition for Writ Of Habeas Corpus, the Court construed Respondent's answer above as an admission that it would be futile for Petitioner to request a bond hearing under § 1226. (*See* ECF No. 30 at PageID 219–20.) The Court therefore excused exhaustion in this case and ordered Respondent to give Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within 10 days and, further, to immediately release Petitioner if he did not receive a bond hearing within 10 days and had not consented to an extension. (*Id.* at PageID 220.) The Court entered judgment that same day reflecting the relief in the Order Granting In Part Petition for Writ of Habeas Corpus. (*See* ECFS Nos. 30 & 31.)

On November 10, 2026, Petitioner filed an Emergency Motion to Alter or Amend the November 9, 2026, Judgment, for Clarification of the Bond-Hearing Remedy, and to Require Transfer to Tennessee or Other Effective Habeas Relief (ECF No. 32, "Emergency Motion"). The Emergency Motion argues that "Respondent may characterize any proceeding placed on the Oakdale court's calendar as compliance, even if the Immigration Judge concludes that Fifth Circuit law requires § 1225(b)(2)(A) detention, denies jurisdiction over a § 1226 bond request, or declines to conduct the meaningful individualized inquiry that this Court ordered." (*Id.* at PageID 224.) The Emergency Motion also noted that this Court's judgement did not specify how the competency safeguards ordered by the Oakdale Immigration Court would apply to the bond hearing. (*Id.* at PageID 224–25.) The Emergency Motion then goes on to argue that this Court must amend the judgment to require that the bond hearing under § 1226 occur before an Immigration Judge in Tennessee or another Immigration Judge bound by Sixth Circuit law, rather than the Oakdale Immigration Court in Louisiana. (*Id.* at PageID 225.)

The Emergency Motion is premature. Respondent previously represented to this Court that, if the Court ordered Respondent to give Petitioner an individualized bond hearing pursuant to § 1226(a), Petitioner would receive such a bond hearing before the Oakdale Immigration Court and did not have to be transferred back to the Western District of Tennessee for that hearing to occur. (ECF No. 28 at PageID 204.) This Court therefore ordered that Petitioner receive an individualized bond hearing under § 1226(a). (ECF Nos. 30 & 31.) To clarify, the Court is not "*assuming* that an Oakdale Louisiana scheduling notice incorporates Sixth Circuit precedent." (ECF No. 32 at PageID 234.) The Court's order and judgment relied on an *express representation made by Respondent in this matter* that the Oakdale Immigration Court could provide Petitioner with a hearing pursuant to § 1226 if this Court ordered such a hearing. Absent anything from Respondent indicating that the circumstances of his prior representation have changed, there is no current need to amend the judgment.

Similarly, Petitioner has not shown why the judgment should be amended to expressly require competency-related assessments or safeguards. Immigration Judge Cynthia Goodman previously ordered certain competency related safeguards for Petitioner, including that he always be represented by counsel "in these proceedings." (*See* ECF No. 25-1 at PageID 172.) Accepting that "the existing competency order was entered in the removal case and bond is a separate proceeding," (ECF No. 32 at PageID 238), there is nothing in the Emergency Motion indicating that the previously ordered safeguards would not apply or that counsel could not request similar safeguards at the bond the hearing. In addition, the Immigration Judge conducting the bond hearing is in the best position to assess and impose any necessary safeguards in the first instance.

For these reasons, Petitioner's Emergency Motion to Alter or Amend the November 9, 2026, Judgment, for Clarification of the Bond-Hearing Remedy, and to Require Transfer to

Tennessee or Other Effective Habeas Relief (ECF No. 32) is **DENIED** without prejudice. If circumstances change, Petitioner may file a renewed motion. Similarly, if circumstances have changed that affect Respondent's previous representation to this Court about Petitioner's ability to receive a bond hearing under § 1226, he should file a motion.

**IT IS SO ORDERED**, this 12th day of November, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE